RECEIVED
USDC CLERK, CHARLESTON, SC

2005 AUG -3 P 3: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Robert L. Wolf, | ) | C. A. No. 5:02-CV-2981-RSC |
| Plaintiff, | ) | |
| -versus- | ) | **O R D E R** |
| Monarch Life Insurance Company, | ) | |
| Defendant. | ) | |

This diversity case alleging breach of contract and bad faith refusal to pay benefits is before the undersigned United States Magistrate Judge on consent of the parties for final disposition of the defendant's motion for summary judgment on all causes of action. 28 U.S.C. § 636(c).

The plaintiff, Dr. Robert L. Wolf, sued his health insurance carrier, defendant Monarch Life Insurance Company, on September 9, 2002, and sought compensatory and punitive damages for Monarch's alleged breach of their health insurance contract and bad faith refusal to pay benefits owing under the policy. Discovery is complete. Wolf filed an opposition to the motion for summary judgment on November, 23, 2004, and Monarch filed a reply on November 30, 2004. Oral argument was had before the undersigned on December 14, 2004. Therefore consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Fed. R. Civ. P. 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322.

The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v.

Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## FACTS

The facts, either undisputed or as presented by the plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record, are as follow.

Plaintiff, Dr. Robert L. Wolf, is the insured under a health insurance policy issued by the defendant, Monarch Life Insurance Company. Monarch has previously made payments under the policy pursuant to the claims filed by Wolf. However, Monarch now declines to pay any other benefits under this policy asserting that the maximum benefits allowed for one period of treatment has been reached.[1] Wolf contends that the treatments were new medical conditions or that he has not exceeded the maximum policy benefit of $16,500.00 for one five year period.

---

[1] There is a maximum benefit of $16,500.00, with a $500.00 deductible per a five year term.

3

The parties agree that the beginning of the policy period in dispute commenced with the treatment of Wolf's heart condition and that he continues to be treated for that condition. It is also undisputed that after the onset of the treatment period for Wolf's heart condition he was treated for three other conditions. The first treatment was for chest pain, and treatment ended on August 2, 2000. The second condition was pain in the thoracic spine, and treatment ended on June 13, 2002. The third condition was spinal stenosis of the lumbar region, and treatment ended on April 1, 2004.

## DEFENDANT'S GROUNDS FOR SUMMARY JUDGMENT

Monarch argued it is entitled to summary judgment because in a declaratory judgment action between these parties over the policy at issue here District Judge Cameron McGowan Currie by order dated September 27, 2000, construed the insurance policy under controlling New York state law to be a "loss" policy. See, C.A. No. 5:97-1244-22. Judge Currie held that the policy terms are clear and unambiguous, that it does not insure against sickness per se, and only actual loss resulting from sickness is covered. Accordingly Monarch argued that because there is a condition that has been under continuous treatment, there is no coverage beyond the maximum $16,500.

## PLAINTIFF'S RESPONSE

According to Wolf, when one period of treatment has been exhausted, new medical conditions are covered under the policy.

4

Wolf acknowledges, however, that reoccurring conditions that pre-existed and were covered under a previous period of treatment are not covered for subsequent periods of treatment. Based upon a chart submitted by Wolf, Monarch is indebted to Wolf for at least $43,862.29, and further, the $16,500.00 maximum benefit for the third period of treatment has not been exhausted.

Wolf asserts that the policy should be interpreted as a "per cause" policy, rather than a "loss" policy. Further, according to Wolf he should be reimbursed for each of over 40 causes until the expenses for each reach $16,500.00. Under a "per cause" policy, Wolf believes that Monarch owes him in excess of $63,000.00 in unpaid benefits due. Under a "loss" policy, Wolf contends that he is at least entitled to between $43,862.39 and $63,000.00 in unpaid benefits due.

## CONTRACT TERMS AS PREVIOUSLY CONSTRUED

Judge Currie wrote as follows:

> Monarch Health Insurance Company health insurance Policy Number 1318438 issued to Robert L. Wolf is a "loss" policy under which only one "period of treatment" may run at any time under Part 2 of the policy. It is a condition precedent for coverage under Part 3 of the policy that (1) as to a reoccurring condition, the insured have completed a continuous six-month period of time in which he/she has been out from under care of a physician; and (2) as to a new condition, the previous period of treatment has terminated and thereafter the insured is treated for such new condition, even if it occurs within six months of the termination of the previous period of treatment.

Order at page 15, <u>Wolf v. Monarch Life Ins. Co.</u>, No. 5:97-1244-22

(S.C. 2000).

## DISCUSSION

Judge Currie's previous decision in this matter is dispositive. The law of this case, as found by Judge Currie, is that this particular policy is to be construed as a "loss" policy. Id. at page 15. Judge Currie also held that only one "period of treatment" may exist at any one period of time.

Under the terms of the policy, a "period of treatment" is the time in which a patient is under a doctor's care. This period can include treatment from multiple doctors for multiple causes. Id. at pages 11-12. The terms of the policy further provide that if the previous period of treatment has terminated and the maximum benefit of $16,500.00 has been exhausted, additional benefits may be received for new medical conditions.

In the instant case, "a period treatment" commenced when during the term of the policy Wolf received treatment for his heart condition. The treatment for the heart condition has continued without significant interruption during the entire time which Wolf claims other "periods of treatment" arose. However, since there was no break in the treatment for Wolf's heart condition, there could be only one "period of treatment." Therefore, Wolf is limited to the maximum benefit of $16,500.00 for his single period of treatment.

Wolf's assertion that the contract is a "per cause" policy, rather than a "loss" policy, has been found incorrect. The

policy was characterized as a "loss" policy by Judge Currie's controlling order. In making her decision, Judge Currie relied on Eckstein v. Monarch Life Ins. Co., 82 A.D.2d 774 (N.Y. App. Div.1981), which held that the insured under an identical Monarch health insurance policy was not entitled to separate maximum benefits. The Eckstein court concluded:

> We therefore hold it to be clear on the face of the policy that the onset of several separate 'sicknesses' or conditions almost simultaneously, so that they are treated concurrently does not give rise to separate 'periods of treatment' for the purpose of establishing separate maximum benefits with separate deductibles for each concurrent condition.

Eckstein at 775. Wolf's insistence that the contract is a "per cause" contract is unpersuasive.

## CONCLUSION

Accordingly, for the aforementioned reason, it is ordered that the defendant's motion for summary judgment be granted and this matter ended.

**IT IS SO ORDERED.**

*/s/ Robert S. Carr*
ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

August 3, 2005